NOT FOR COMMERCIAL PUBLICATION

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT JONAS, | ) |
| | ) Misc. No. 08-0106 |
| Plaintiff, | ) |
| | ) Judge Pat E. Morgenstern-Clarren |
| v. | ) |
| | ) |
| W.P. HICKMAN SYSTEMS, INC., et al., | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** |

Robert Jonas filed a lawsuit against W.P. Hickman Systems, Inc. (Hickman), Brian Dunn, and Serefex Corporation, Inc. in an Ohio state court. Hickman filed a chapter 11 case in the Western District of Pennsylvania several months later, and subsequently removed the state court lawsuit to this court. This court denied Hickman's motion to transfer the lawsuit to the Pennsylvania district court and, instead, remanded the lawsuit to state court. (Docket 10, 11). Hickman and the other two defendants (collectively "appellants") filed a notice of appeal and requested leave to appeal that decision. Appellants move for this court to impose a stay pending appeal. (Docket 15). Mr. Jonas opposes that request. (Docket 29). For the reasons stated below, the motion for stay pending appeal is denied.

**THE JUDGMENT ON APPEAL**

Robert Jonas was formerly employed by Hickman and served as an officer and board member. Serefex Corporation, Inc. is Hickman's majority shareholder, and Brian Dunn is a member of Hickman's board. Mr. Jonas's amended complaint asserts six state law causes of action arising out of the termination of his relationship with Hickman: three are brought against

the defendants collectively; one is brought against Hickman; and two are brought against Serefex and Mr. Dunn. In addition, Hickman filed a counterclaim against Mr. Jonas.

The order that is on appeal addresses Hickman's motion to transfer the lawsuit to the district court for the district where Hickman's chapter 11 case is pending.

## DISCUSSION

Bankruptcy rule 8005 provides for stay of a judgment or order pending appeal. FED. R. BANKR. P. 8005. The factors to be considered in determining whether such a stay should be imposed are: "the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). "All four factors are not prerequisites but are interconnected considerations that must be balanced together." *Coalition to Defend Affirmative Action v. Granholm*, 473 F.3d 237, 244 (6th Cir. 2006).

### A. Are the appellants likely to prevail on appeal?

The party requesting a stay must ordinarily demonstrate that there is a likelihood of reversal. *Griepentrog*, 945 F.2d at 153. The movant does not always have to establish a high probability of success. Instead, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [the moving party] will suffer absent the stay." *Id.* The movant is, however, "always required to demonstrate more than the mere 'possibility' of success on the merits." *Id.*

2

Hickman removed the lawsuit under 28 U.S.C. § 1452; bankruptcy jurisdiction under 28 U.S.C. § 1334 is at issue whenever an action is removed under that provision. *See* 28 U.S.C. § 1452(a) (providing for removal "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."). As the lawsuit was comprised of different claims for recovery, the court considered whether jurisdiction existed as to each of the claims. The court concluded that bankruptcy jurisdiction existed with respect to Mr. Jonas's claims against Hickman and Hickman's counterclaim against Mr. Jonas because they were related to the chapter 11 case based on their potential impact on the chapter 11 estate. The court further concluded that jurisdiction did *not* exist with respect to Mr. Jonas's claims against Mr. Dunn and Serefex because there was no evidence that those claims were related to Hickman's bankruptcy. The lawsuit was remanded to state court based on the lack of jurisdiction with respect to those claims, and the court's conclusion that the entire dispute should be resolved in one forum.

Appellants argue that the court erred by raising the issue of bankruptcy jurisdiction in its consideration of the motion to transfer, claiming that the court raised a defense on behalf of Mr. Jonas and violated the court's duty to be fair and impartial. There is little likelihood that appellants will prevail on this issue on appeal because the court had an independent obligation to consider whether jurisdiction existed with respect to the removed lawsuit. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."); *Bonner v. Perry*, 564 F.3d 424, 426 (6th Cir. 2009) (noting that the court has an independent obligation to police its jurisdiction and can raise the issue independently); *Michigan Employment Sec. Comm'n v. Wolverine Radio Co. (In re*

3

*Wolverine Radio Co.)*, 930 F.2d 1132, 1137-38 (6th Cir. 1991) (stating that "federal courts are courts of limited jurisdiction and have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them . . . [and that] [p]arties can neither waive nor consent to subject matter jurisdiction"). Although Mr. Jonas could have raised the jurisdictional issue, his failure to do so did not preclude the court from considering it. *See Probus v. Charter Commc'ns, LLC*, 234 Fed. Appx. 404, 406 (6th Cir. 2007) (stating that a plaintiff's failure to move for remand of a removed action does not preclude the court's *sua sponte* inquiry on the issue of subject matter jurisdiction).

Appellants also argue that the court failed to address Hickman's argument that Mr. Jonas consented to bankruptcy jurisdiction by filing a proof of claim in the bankruptcy case. However, the court determined that bankruptcy jurisdiction existed as to claims made between Mr. Jonas and Hickman, which meant that there was no reason to address this argument with respect to those claims. The cases cited by Hickman supported the proposition that:

> by filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable power. If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction*. As such, there is no Seventh Amendment right to a jury trial. If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances the preference debtor is entitled to a jury trial.

4

*Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990) (internal quotations and citations deleted). The argument that Mr. Jonas consented to a bankruptcy court resolution of his claims against Hickman as part of the claims process because he filed a claim in its bankruptcy case did not extend to the issue of whether Mr. Jonas's claims against non-debtors Dunn and Serefex were related to the bankruptcy case. Thus, appellants are not likely to prevail on this issue on appeal.

This factor does not weigh in favor of imposing a stay.

### B. Will appellants suffer irreparable harm absent a stay?

Under this factor, harm is evaluated in terms of its substantiality, the likelihood that it will occur, and the proof provided by the movant. *Griepentrog*, 945 F.2d at 154. "'Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of stay, are not enough.'" *Id*. (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Appellants argue that the remand will cause irreparable harm because the state court is an inadequate forum. They also argue that Hickman's creditors have a significant interest in the lawsuit and that its outcome will determine whether unsecured creditors receive a distribution in the chapter 11 case. Appellants fail, however, to identify any specific harm that is likely to occur if the matter is not stayed. The state court is an appropriate forum for the lawsuit and it is extremely unlikely that the appellants will suffer irreparable harm if the litigation proceeds there pending the appeal. Consequently, this factor does not weigh in favor of imposing a stay.

### C. Will others be harmed if the stay is granted?

Appellants argue that Mr. Jonas will not be harmed by the imposition of a stay because he filed a claim in the bankruptcy case and has indicated his willingness to submit himself to the jurisdiction of the bankruptcy court. Mr. Jonas argues that he will be harmed because a stay will

5

further delay the adjudication of his claims. As it is clear that a stay will delay Mr. Jonas's prosecution of his claims, this factor does not favor the imposition of a stay.

### D. Is a stay in the public interest?

At the same time that appellants argue that the imposition of a stay is in the public interest, they also acknowledge that the public interest weighs in favor of "having Hickman's estate wrapped up."[1] Mr. Jonas argues that a stay will impose further delay and that allowing the lawsuit to proceed in state court would serve the public interest. As allowing the litigation to proceed will hasten the resolution of the litigation and the chapter 11 case, the court finds that delaying resolution of the lawsuit does not favor the public interest. This factor, therefore, does not favor granting a stay.

### CONCLUSION

After considering and balancing the relevant factors, the court finds that appellants have not shown that a stay pending appeal should be issued. The motion for a stay is, therefore, denied.

IT IS SO ORDERED.

                                                            */s/ Pat E. Morgenstern-Clarren*
                                                            Pat E. Morgenstern-Clarren
                                                            United States Bankruptcy Judge

---

[1] Docket 15 at 13.